The defendant appeals from a judgment of the Superior Court finding him a sexually dangerous person (SDP) and committing him to the Massachusetts Treatment Center pursuant to G. L. c. 123A, §§ 1, 14. He argues that the trial evidence was insufficient to prove beyond a reasonable doubt that he suffers from a "[m]ental abnormality," as defined by G. L. c. 123A, § 1, which renders him a "menace" to the health and safety of others. We affirm.
Background. The Commonwealth commenced this action in the Superior Court seeking the civil commitment of the defendant under G. L. c. 123A, §§ 1, 12 - 14. Following a jury-waived trial in 2012, a judge made findings of fact and determined that the defendant is an SDP as defined by G. L. c. 123A, § 1. The defendant appealed. A different panel of this court vacated the judgment and remanded the case to the trial court. Commonwealth v. M.T., 87 Mass. App. Ct. 1129 (2015). The panel so ruled in order to allow the judge to make further findings based on the new standard announced by the Supreme Judicial Court in Commonwealth v. Fay, 467 Mass. 574, cert. denied, 135 S.Ct. 150 (2014), which had not been decided as of the time of the defendant's trial.
In Fay, the court held that, in determining whether a defendant is a "menace" under c. 123A, where "the prospective victims are children," a judge should consider whether a child, and not an adult, "reasonably would be placed in fear of contact sexual offense by the defendant's actions." Fay, 467 Mass. at 582. Based on Fay, the panel directed the trial judge to consider whether the defendant's conduct in future offenses would cause a child reasonably to fear that he or she was likely to be the victim of a contact sexual offense.
On remand, neither party elected to supplement the evidence presented at trial. Based on additional findings of fact, which supplemented his original findings (adopted by him on remand), the judge again found the defendant to be an SDP. More specifically, the judge referenced his original finding that the defendant suffers from a mental abnormality of exhibitionism, a congenital or acquired disorder that affects the defendant's emotional and volitional capacities and "predispose[s] him to commit future criminal sexual acts, such as indecent exposure and masturbating in public, i.e., open and gross lewdness."
As to the question whether the defendant would be a menace, the judge relied in part on his original finding that the defendant's past sexual (noncontact) offenses involved "stalking, luring and approaching children, whom he targeted, as young as nine years old." Based on this fact and the expert evidence at trial, the judge made a new subsidiary finding that the defendant is "likely" to "commit" noncontact sexual offenses involving exposing himself and masturbating openly in front of children, in the future. The judge found that "these predicted offenses [by the defendant] will instill in his victims a reasonable apprehension of being subjected to a contact sex crime given their presumed naivete, inexperience and likely lack of familiarity with sexual matters." The defendant again appealed.
Discussion. To commit a person as an SDP, the fact finder must find beyond a reasonable doubt that the person has been "[1] convicted of a sexual offense, [2] suffers from a mental abnormality or personality disorder that renders him a menace to the health and safety of others, and [3] is likely to engage in sexual offenses if not confined." Commonwealth v. George, 477 Mass. 331, 338 (2017), quoting Fay, 467 Mass. at 580. "A qualified examiner's opinion testimony is 'the essential basis for a finding of sexual dangerousness.' " George, supra at 339, quoting Green, petitioner, 475 Mass. 624, 630 (2016).
On appeal, we consider "whether, after viewing the evidence (and all permissible inferences) in the light most favorable to the Commonwealth, any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of sexual dangerousness as defined by G. L. c. 123A, § 1." Commonwealth v. Boyer, 61 Mass. App. Ct. 582, 589 (2004). See Commonwealth v. Husband, 82 Mass. App. Ct. 1, 4 (2012). "Of particular importance in cases of appeal from the adjudication of SDP status is the canon that we defer to findings resting upon expert testimony." Id. See Commonwealth v. Sargent, 449 Mass. 576, 583-584 (2007). The defendant's sufficiency contention concerns solely whether his mental abnormality of exhibitionism makes him a menace to the health and safety of others.
At trial, the Commonwealth presented the written reports and offered the expert testimony of the two qualified examiners, Dr. Katrin Rouse Weir and Dr. Gregg A. Belle. Both qualified examiners had diagnosed the defendant as suffering from exhibitionism, a mental abnormality, under G. L. c. 123A, § 1. Both opined that the defendant was likely to reoffend in a manner that would be menacing to his victims. In particular, Rouse Weir opined that the defendant's predicted noncontact offenses would instill in his child victims
"a reasonable apprehension of being subjected to a contact sexual offense. As children, due to their lack of experience and sophistication, they are likely to experience fear of an imminent sexual offense by experiencing an adult acting in a sexual manner directed toward them. In my opinion, based on [the defendant's] presentation during his sexual offenses, the child would not fear nonsexual aggression, but would interpret [the defendant's] behavior as specifically involving a potential sexual assault."
She indicated that her opinion was based upon a review of the defendant's past offenses as well as her own training and experience.
The defendant takes issue with the rationale expressed by Rouse Weir (and adopted by the judge), to the effect that the presumed naiveté of children would lead them to fear a contact sexual offense from exposure to noncontact sexual activity. See Fay, 467 Mass. at 582, quoting Commonwealth v. Kessler, 442 Mass. 770, 777 (2004) ("When the victim ... is a child, there is arguably a greater risk of harm due to the child's immaturity, lack of experience, natural tendency to fantasize, and presumed ignorance of sexual matters"). He argues that children could not fear a contact sex offense if their naiveté prevented them from understanding such conduct. Yet, this argument essentially amounts to a claim that the judge should not have credited the witness's opinion because her logic was flawed. Whether the basis of an expert opinion is sound goes to the weight of that evidence not its admissibility. Sacco v. Roupenian, 409 Mass. 25, 30 (1990) (flaws in expert's "analytical process" affect "weight of such evidence").
The defendant also contends that Rouse Weir's opinion was not based on scientific or empirical data. However, it is settled that "[o]pinion testimony by a trained psychiatrist or psychologist concerning his or her evaluation and diagnosis of an individual's mental state and possible sexual dangerousness is a type of evidence that is grounded in recognized theories and principles and has long been deemed admissible." Commonwealth v. Camblin, 471 Mass. 639, 649 n.22 (2015). Here, Rouse Weir's opinion regarding a child victim's likely response to the defendant's conduct was part and parcel of her overarching opinion regarding his sexual dangerousness. Although the defendant contends that the opinion of Rouse Weir was conclusory, she was subject to cross-examination where she explained the basis for her opinion in detail and at length.[2] See Commonwealth v. Bradway, 62 Mass. App. Ct. 280, 289 (2004) (discussing importance of cross-examination in revealing strengths and weaknesses of expert opinion).
We conclude that the evidence was sufficient to prove that the defendant was a menace to the health and safety of others, and an SDP within the meaning of G. L. c. 123A. See Fay, 467 Mass. at 579, 583 (SDP determination upheld on basis that defendant's predicted future noncontact offenses would cause child reasonably to fear contact sex offense, particularly where defendant's past actions involved luring, approaching, and confining behavior).[3]
Judgment affirmed.

Rouse Weir explained that her opinion was grounded in her specific experience in treating child victims of noncontact sexual offenses as well as adults who were so victimized as children. She further testified that she had interviewed approximately twenty children who had been exposed to adult masturbation and that ninety-five percent of them expressed to her reasonable apprehension of being indecently assaulted or raped. Thus, contrary to the defendant's claim, Rouse Weir's opinion was based on empirical evidence, knowledge gathered through her experience, and observation in the field. See Black's Law Dictionary 602 (9th ed. 2009) (empirical -- "based on experience, experiment, or observation").

The Supreme Judicial Court has stated that "the manner in which the defendant would likely commit a future 'sexual offense,' i.e., open and gross lewdness and lascivious behavior, would not render him a 'menace' " where "the [trial] judge found no evidence that the defendant had ever stalked, lured, approached, confined, or touched a victim, [and] that there was no reason to believe he would target children." Commonwealth v. Suave, 460 Mass. 582, 588 (2011). The court added that it could "easily envision a case where the outcome might be different, based on the specific behavior of a particular defendant." Id. at 589. That is the case here.